IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

GREENLIGHT TECHNOLOGIES LLC

    PLAINTIFF,

    v.

ANIGMO, LLC D/B/A ANIGMO;
AMAZON.COM, INC.;
COOPER INDUSTRIES, INC.;
COOPER WIRING DEVICES, INC. F/K/A
EAGLE ELECTRIC MANUFACTURING
CO., INC.;
GE ENERGY AND INDUSTRIAL
SERVICES, INC. F/K/A GE INSPECTION
SERVICES, INC.;
GENERAL ELECTRIC COMPANY;
HEATHCO LLC D/B/A HEATHCO D/B/A
HEATH/ZENITH;
HUBBELL INCORPORATED F/K/A
HARVEY HUBBELL INCORPORATED;
JASCO PRODUCTS COMPANY LLC D/B/A
JASCO PRODUCTS COMPANY D/B/A
JASCO;
LEGRAND NORTH AMERICA, INC. D/B/A
LEGRAND D/B/A PASS & SEYMOUR/
LEGRAND D/B/A PASS &  SEYMOUR
D/B/A WATT STOPPER/LEGRAND D/B/A
WATTSTOPPER;
LEGRAND SA F/K/A LEGRAND HOLDING
SA;
LEVITON MANUFACTURING CO., INC.;
LIGHTING UNLIMITED, LLC D/B/A
DIMMERS.NET;
LOWES COMPANIES, INC;
LOWES HOME CENTERS, INC.;
LUTRON ELECTRONICS CO., INC.;
PASS & SEYMOUR, INC. D/B/A PASS &
SEYMOUR/LEGRAND D/B/A PASS &
SEYMOUR;
THE DUCHOSSOIS GROUP, INC. F/K/A
DUCHOSSOIS INDUSTRIES, INC. F/K/A DII
NEWCO, INC.;

Civil Action No. _____

THE HOME DEPOT, INC.;
THE HOME DEPOT U.S.A., INC.;
WATT STOPPER HOLDING, INC. F/K/A
PASS & SEYMOUR ACQUISITION CORP.
F/K/A THE WATT STOPPER, INC. D/B/A
WATT STOPPER/LEGRAND D/B/A
WATTSTOPPER;
WELIT, LLC D/B/A ANIGMO; AND
X10 WIRELESS TECHNOLOGY, INC. D/B/A
X10 D/B/A X10.COM

                    DEFENDANTS                              JURY TRIAL DEMANDED

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Greenlight Technologies LLC files this Complaint against the foregoing Defendants, ANIGMO, LLC D/B/A ANIGMO; AMAZON.COM, INC.; COOPER INDUSTRIES, INC.; COOPER WIRING DEVICES, INC. F/K/A EAGLE ELECTRIC MANUFACTURING CO., INC.; GE ENERGY AND INDUSTRIAL SERVICES, INC. F/K/A GE INSPECTION SERVICES, INC.; GENERAL ELECTRIC COMPANY; HEATHCO LLC D/B/A HEATHCO D/B/A HEATH/ZENITH; HUBBELL INCORPORATED F/K/A HARVEY HUBBELL INCORPORATED; JASCO PRODUCTS COMPANY LLC D/B/A JASCO PRODUCTS COMPANY D/B/A JASCO; LEGRAND NORTH AMERICA, INC. D/B/A LEGRAND D/B/A PASS & SEYMOUR/LEGRAND D/B/A PASS &  SEYMOUR D/B/A WATT STOPPER/LEGRAND D/B/A WATTSTOPPER; LEGRAND SA F/K/A LEGRAND HOLDING SA; LEVITON MANUFACTURING CO., INC.;  LIGHTING UNLIMITED, LLC D/B/A DIMMERS.NET; LOWES COMPANIES, INC.; LOWES HOME CENTERS, INC.; LUTRON ELECTRONICS CO., INC.; PASS & SEYMOUR, INC. D/B/A PASS & SEYMOUR/LEGRAND D/B/A PASS & SEYMOUR; THE DUCHOSSOIS GROUP, INC. F/K/A DUCHOSSOIS INDUSTRIES, INC. F/K/A DII NEWCO, INC.; THE HOME DEPOT,

INC.; THE HOME DEPOT USA, INC.; WATT STOPPER HOLDING, INC. F/K/A PASS & SEYMOUR ACQUISITION CORP. F/K/A THE WATT STOPPER, INC. D/B/A WATT STOPPER/LEGRAND D/B/A WATTSTOPPER; WELIT, LLC D/B/A ANIGMO and X10 WIRELESS TECHNOLOGY, INC. D/B/A X10 D/B/A X10.COM (collectively "Defendants"), as follows:

### PARTIES

1.      Greenlight Technologies LLC ("Greenlight" or "Plaintiff") is a Texas Limited Liability Company with its principal place of business in Frisco, Texas.

2.      On information and belief, Defendant ANIGMO, LLC D/B/A ANIGMO has a place of business in New York, New York.

3.      On information and belief, Defendant AMAZON.COM, INC. ("AMAZON") has a place of business in Seattle, Washington.

4.      On information and belief, Defendant COOPER INDUSTRIES, INC. ("COOPER INDUSTRIES") has a place of business in Houston, Texas.

5.      On information and belief, Defendant COOPER WIRING DEVICES, INC. F/K/A EAGLE ELECTRIC MANUFACTURING CO., INC. ("COOPER WDI") has a place of business in Houston, Texas.   COOPER INDUSTRIES and COOPER WDI are collectively referred to hereinafter as "COOPER."

6.      On information and belief, Defendant GE ENERGY AND INDUSTRIAL SERVICES, INC. F/K/A GE INSPECTION SERVICES, INC. ("GE ENERGY") has a place of business in Atlanta, Georgia.

7.      On information and belief, Defendant GENERAL ELECTRIC COMPANY ("GENERAL ELECTRIC") has a place of business in Fairfield, Connecticut.

8.      On information and belief, Defendant HEATHCO LLC D/B/A HEATHCO D/B/A HEATH/ZENITH ("HEATHCO LLC") has a place of business in Elmhurst, Illinois.

9.      On information and belief, Defendant HUBBELL INCORPORATED F/K/A HARVEY HUBBELL INCORPORATED ("HUBBELL") has a place of business in Shelton, Connecticut.

10.     On information and belief, Defendant JASCO PRODUCTS COMPANY LLC D/B/A JASCO PRODUCTS COMPANY D/B/A JASCO ("JASCO") has a place of business in Oklahoma City, Oklahoma.  GE ENERGY, GENERAL ELECTRIC and JASCO are collectively referred to hereinafter as "GE."

11.     On information and belief, Defendant LEGRAND NORTH AMERICA, INC. D/B/A LEGRAND D/B/A PASS & SEYMOUR/ LEGRAND D/B/A PASS &  SEYMOUR D/B/A WATT STOPPER/LEGRAND D/B/A WATTSTOPPER ("LNA") has a place of business in West Hartford, Connecticut.

12.     On information and belief, Defendant LEGRAND SA F/K/A LEGRAND HOLDING SA ("LEGRAND SA") has a place of business in Limoges, France.

13.     On information and belief, Defendant LEVITON MANUFACTURING CO., INC. ("LEVITON") has a place of business in Melville, New York.

14.     On information and belief, Defendant LIGHTING UNLIMITED, LLC D/B/A DIMMERS.NET ("DIMMERS.NET") has a place of business in Houston, Texas.

15.     On information and belief, Defendant LOWES COMPANIES, INC. ("LCI") has a place of business Mooresville, North Carolina.

16.     On information and belief, Defendant LOWES HOME CENTERS, INC. ("LHCI") has a place of business Mooresville, North Carolina.  LCI and LHCI are hereinafter referred to as "LOWES."

17.     On information and belief, Defendant LUTRON ELECTRONICS CO., INC. ("LUTRON") has a place of business in Coopersburg, Pennsylvania.

18.     On information and belief, Defendant PASS & SEYMOUR, INC. D/B/A PASS & SEYMOUR/LEGRAND D/B/A PASS & SEYMOUR ("PSI") has a place of business in Syracuse, New York.

19.     On information and belief, Defendant THE DUCHOSSOIS GROUP, INC. F/K/A DUCHOSSOIS INDUSTRIES, INC. F/K/A DII NEWCO, INC. ("DUCHOSSOIS") has a place of business in Elmhurst, Illinois.  HEATHCO LLC and DUCHOSSOIS are collectively referred to hereinafter as "HEATHCO."

20.     On information and belief, Defendant THE HOME DEPOT, INC. has a place of business in Atlanta, Georgia.

21.     On information and belief, Defendant THE HOME DEPOT USA, INC. has a place of business in Atlanta, Georgia.  THE HOME DEPOT, INC. and THE HOME DEPOT USA, INC. are hereinafter referred to as ("HOME DEPOT").

22.     On information and belief, Defendant WATT STOPPER HOLDING, INC. F/K/A PASS & SEYMOUR ACQUISITION CORP. F/K/A THE WATT STOPPER INCORPORATED ("WATT STOPPER) has a place of business in Syracuse, New York.  LNA, LEGRAND SA, PSI and WATTSTOPPER are collectively referred to hereinafter as "LEGRAND."

23.     On information and belief, Defendant WELIT, LLC has a place of business in New York, New York.  ANIGMO, LLC D/B/A ANIGMO and WELIT, LLC D/B/A ANIGMO are collectively referred to hereinafter as "ANIGMO."

24.     On information and belief, Defendant X10 WIRELESS TECHNOLOGY, INC. D/B/A X10 D/B/A X10.COM ("X10") has a place of business in Seattle, Washington.

## JURISDICTION AND VENUE

25.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including at least a portion of the infringements alleged herein.  Without limitation, within this forum the Defendants have engaged in at least the selling of the accused products listed herein.  In addition, on information and belief, Defendants induce and/or contribute to infringement of the patent-in-suit by sellers and/or infringing users located in this forum.  Further, on information and belief, Defendants have interactive websites which are used in and/or accessible in this forum. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

26.     Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).  On information and belief, from and within this Judicial District each Defendant has committed at least a portion of the infringements at issue in this case.  Without limitation, Defendants are subject to personal jurisdiction in this forum.  Further, within this forum the Defendants have

engaged in at least the selling of the accused products listed herein.  In addition, on information and belief, Defendants induce and/or contribute to infringement of the patent-in-suit by sellers and/or infringing users located in this district.  Further, on information and belief, Defendants have interactive websites which are used in and/or accessible in this forum. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in this district.

### COUNT I
### INFRINGEMENT OF U.S. PATENT NO. 6,356,038

27.     United States Patent No. 6,356,038 ("the '038 Patent"), entitled "Microcomputer-controlled AC power switch controller and DC power supply method and apparatus" was filed on January 20, 2000 and duly and legally issued on March 12, 2002.

28.     Greenlight is the present assignee of the '038 patent, including all rights to sue for past and present infringement. Accordingly, Greenlight has standing to bring this lawsuit for infringement of the '038 patent.

29.     The claims of the '038 Patent cover, *inter alia,* (1) a method for switching AC power flow through and deriving a supply of DC power from one side of an AC power circuit, (2) an electrical current control apparatus for operatively interconnecting one side of a source of AC current with an AC load, (3) an apparatus for selectively energizing an AC electrical load from one side of an AC power circuit, (4) an apparatus for energizing an AC electrical load from one side of an AC power circuit, and (5) an apparatus for selectively energizing a high-voltage AC electrical load.

30.     On information and belief, ANIGMO has been and now is directly infringing the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, importing, selling and/or offering to sell apparatuses for selectively energizing an AC electrical load from one side of an AC power circuit comprising (1) a thyristor having ON and OFF states, said thyristor being coupled between first and second AC current leads for controlling a flow of AC line current from said thyristor to said AC electrical load, (2) a microcontroller which is programmed to selectively provide or not provide enabling gate current pulses to said thyristor, and (3) a constant DC voltage power supply coupled with said thyristor and effective to derive electrical power for said microcontroller from a small portion of every half cycle or full cycle of said AC current which appears across said thyristor in each said ON state thereof.

31.     Moreover, on information and belief, ANIGMO has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by aiding or abetting re-sellers to sell and/or offer for sale infringing apparatuses and/or customers and/or users to use infringing apparatuses.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '038 Patent, at least through becoming aware of this Complaint.

32.     Upon present information and belief, ANIGMO's infringing apparatuses comprise at least the Anigmo ST2-600M switch.

33.     ANIGMO is thus liable for infringement of the '038 Patent pursuant to 35 U.S.C. § 271.

34.     On information and belief, AMAZON has been and now is directly infringing the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for selectively energizing an AC electrical load from one side of an AC power circuit comprising (1) a thyristor having ON and OFF states, said thyristor being coupled between first and second AC current leads for controlling a flow of AC line current from said thyristor to said AC electrical load, (2) a microcontroller which is programmed to selectively provide or not provide enabling gate current pulses to said thyristor, and (3) a constant DC voltage power supply coupled with said thyristor and effective to derive electrical power for said microcontroller from a small portion of every half cycle or full cycle of said AC current which appears across said thyristor in each said ON state thereof.

35.     Moreover, on information and belief, AMAZON has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by aiding or abetting customers and/or users to use the infringing apparatuses. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '038 Patent, at least through becoming aware of this Complaint.

36.     Upon present information and belief, AMAZON's infringing apparatuses comprise at least the Anigmo ST2-600M switch, Heath Zenith SL-6107, Leviton VPI06 dimmer, Lutron MAW-600H dimmer, Watt Stopper/Legrand RS-100BA-W-CS and/or X10 PRO PLW01 switch.

37.     AMAZON is thus liable for infringement of the '038 Patent pursuant to 35 U.S.C. § 271.

38.     On information and belief, COOPER has been and now is directly infringing the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, importing, selling and/or offering to sell apparatuses for selectively energizing an AC electrical load from one side of an AC power circuit comprising (1) a thyristor having ON and OFF states, said thyristor being coupled between first and second AC current leads for controlling a flow of AC line current from said thyristor to said AC electrical load, (2) a microcontroller which is programmed to selectively provide or not provide enabling gate current pulses to said thyristor, and (3) a constant DC voltage power supply coupled with said thyristor and effective to derive electrical power for said microcontroller from a small portion of every half cycle or full cycle of said AC current which appears across said thyristor in each said ON state thereof.

39.     Moreover, on information and belief, COOPER has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by aiding or abetting re-sellers to sell and/or offer for sale infringing apparatuses and/or customers and/or users to use infringing apparatuses. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '038 Patent, at least through becoming aware of this Complaint.

40.     Upon present information and belief, COOPER's infringing apparatuses comprise at least the 6107E-PT switch.

41.     COOPER is thus liable for infringement of the '038 Patent pursuant to 35 U.S.C. § 271.

42.     On information and belief, DIMMERS.NET has been and now is directly infringing the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for selectively energizing an AC electrical load from one side of an AC power circuit comprising (1) a thyristor having ON and OFF states, said thyristor being coupled between first and second AC current leads for controlling a flow of AC line current from said thyristor to said AC electrical load, (2) a microcontroller which is programmed to selectively provide or not provide enabling gate current pulses to said thyristor, and (3) a constant DC voltage power supply coupled with said thyristor and effective to derive electrical power for said microcontroller from a small portion of every half cycle or full cycle of said AC current which appears across said thyristor in each said ON state thereof.

43.     Moreover, on information and belief, DIMMERS.NET has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by aiding or abetting customers and/or users to use the infringing apparatuses.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '038 Patent, at least through becoming aware of this Complaint.

44.     Upon present information and belief, DIMMERS.NET's infringing apparatuses comprise at least the Lutron MAW-600H dimmer.

45.     DIMMERS.NET is thus liable for infringement of the '038 Patent pursuant to 35 U.S.C. § 271.

46.     On information and belief, GE has been and now is directly infringing the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, importing, selling and/or offering to sell apparatuses for selectively energizing an AC electrical load from one side of an AC power circuit comprising (1) a thyristor having ON and OFF states, said thyristor being coupled between first and second AC current leads for controlling a flow of AC line current from said thyristor to said AC electrical load, (2) a microcontroller which is programmed to selectively provide or not provide enabling gate current pulses to said thyristor, and (3) a constant DC voltage power supply coupled with said thyristor and effective to derive electrical power for said microcontroller from a small portion of every half cycle or full cycle of said AC current which appears across said thyristor in each said ON state thereof.

47.     Moreover, on information and belief, GE has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by aiding or abetting re-sellers to sell and/or offer for sale infringing apparatuses and/or customers and/or users to use infringing apparatuses.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '038 Patent, at least through becoming aware of this Complaint.

48.     Upon present information and belief, GE's infringing apparatuses comprise at least the GE 57885 Motion Sensing Single Pole Switch.

49.     GE is thus liable for infringement of the '038 Patent pursuant to 35 U.S.C. § 271.

50.     On information and belief, HEATHCO has been and now is directly infringing the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, importing, selling and/or offering to sell apparatuses for selectively energizing an AC electrical load from one side of an AC power circuit comprising (1) a thyristor having ON and OFF states, said thyristor being coupled between first and second AC current leads for controlling a flow of AC line current from said thyristor to said AC electrical load, (2) a microcontroller which is programmed to selectively provide or not provide enabling gate current pulses to said thyristor, and (3) a constant DC voltage power supply coupled with said thyristor and effective to derive electrical power for said microcontroller from a small portion of every half cycle or full cycle of said AC current which appears across said thyristor in each said ON state thereof.

51.     Moreover, on information and belief, HEATHCO has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by aiding or abetting re-sellers to sell and/or offer for sale infringing apparatuses and/or customers and/or users to use infringing apparatuses.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '038 Patent, at least through becoming aware of this Complaint.

52.     Upon present information and belief, HEATHCO's infringing apparatuses comprise at least the Heath Zenith SL-6107.

53.     HEATHCO is thus liable for infringement of the '038 Patent pursuant to 35 U.S.C. § 271.

54.     On information and belief, HOME DEPOT has been and now is directly infringing the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for selectively energizing an AC electrical load from one side of an AC power circuit comprising (1) a thyristor having ON and OFF states, said thyristor being coupled between first and second AC current leads for controlling a flow of AC line current from said thyristor to said AC electrical load, (2) a microcontroller which is programmed to selectively provide or not provide enabling gate current pulses to said thyristor, and (3) a constant DC voltage power supply coupled with said thyristor and effective to derive electrical power for said microcontroller from a small portion of every half cycle or full cycle of said AC current which appears across said thyristor in each said ON state thereof.

55.     Moreover, on information and belief, HOME DEPOT has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by aiding or abetting customers and/or users to use the infringing apparatuses.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '038 Patent, at least through becoming aware of this Complaint.

56.     Upon present information and belief, HOME DEPOT's infringing apparatuses comprise at least the Leviton VPI06 dimmer, Lutron MAW-600H dimmer and/or Pass & Seymour RW500UWCCV4 switch.

57.     HOME DEPOT is thus liable for infringement of the '038 Patent pursuant to 35 U.S.C. § 271.

58.   On information and belief, HUBBELL has been and now is directly infringing the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, importing, selling and/or offering to sell apparatuses for selectively energizing an AC electrical load from one side of an AC power circuit comprising (1) a thyristor having ON and OFF states, said thyristor being coupled between first and second AC current leads for controlling a flow of AC line current from said thyristor to said AC electrical load, (2) a microcontroller which is programmed to selectively provide or not provide enabling gate current pulses to said thyristor, and (3) a constant DC voltage power supply coupled with said thyristor and effective to derive electrical power for said microcontroller from a small portion of every half cycle or full cycle of said AC current which appears across said thyristor in each said ON state thereof.

59.   Moreover, on information and belief, HUBBELL has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by aiding or abetting re-sellers to sell and/or offer for sale infringing apparatuses and/or customers and/or users to use infringing apparatuses.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '038 Patent, at least through becoming aware of this Complaint.

60.   Upon present information and belief, HUBBELL's infringing apparatuses comprise at least the RMS101W sensor.

61.   HUBBELL is thus liable for infringement of the '038 Patent pursuant to 35 U.S.C. § 271.

62.     On information and belief, LEGRAND has been and now is directly infringing the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, importing, selling and/or offering to sell apparatuses for selectively energizing an AC electrical load from one side of an AC power circuit comprising (1) a thyristor having ON and OFF states, said thyristor being coupled between first and second AC current leads for controlling a flow of AC line current from said thyristor to said AC electrical load, (2) a microcontroller which is programmed to selectively provide or not provide enabling gate current pulses to said thyristor, and (3) a constant DC voltage power supply coupled with said thyristor and effective to derive electrical power for said microcontroller from a small portion of every half cycle or full cycle of said AC current which appears across said thyristor in each said ON state thereof.

63.     Moreover, on information and belief, LEGRAND has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by aiding or abetting re-sellers to sell and/or offer for sale infringing apparatuses and/or customers and/or users to use infringing apparatuses.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '038 Patent, at least through becoming aware of this Complaint.

64.     Upon present information and belief, LEGRAND's infringing apparatuses comprise at least the Pass & Seymour RW500UWCCV4 and/or RW500BICC4 and/or WattStopper/Legrand RS-100BA-W-CS.

65.     LEGRAND is thus liable for infringement of the '038 Patent pursuant to 35 U.S.C. § 271.

66.     On information and belief, LEVITON has been and now is directly infringing the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, importing, selling and/or offering to sell apparatuses for selectively energizing an AC electrical load from one side of an AC power circuit comprising (1) a thyristor having ON and OFF states, said thyristor being coupled between first and second AC current leads for controlling a flow of AC line current from said thyristor to said AC electrical load, (2) a microcontroller which is programmed to selectively provide or not provide enabling gate current pulses to said thyristor, and (3) a constant DC voltage power supply coupled with said thyristor and effective to derive electrical power for said microcontroller from a small portion of every half cycle or full cycle of said AC current which appears across said thyristor in each said ON state thereof.

67.     Moreover, on information and belief, LEVITON has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by aiding or abetting re-sellers to sell and/or offer for sale infringing apparatuses and/or customers and/or users to use infringing apparatuses.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '038 Patent, at least through becoming aware of this Complaint.

68.     Upon present information and belief, LEVITON infringing apparatuses comprise at least the Leviton VPI06 dimmer.

69.     LEVITON is thus liable for infringement of the '038 Patent pursuant to 35 U.S.C. § 271.

70.     On information and belief, LOWES has been and now is directly infringing the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for selectively energizing an AC electrical load from one side of an AC power circuit comprising (1) a thyristor having ON and OFF states, said thyristor being coupled between first and second AC current leads for controlling a flow of AC line current from said thyristor to said AC electrical load, (2) a microcontroller which is programmed to selectively provide or not provide enabling gate current pulses to said thyristor, and (3) a constant DC voltage power supply coupled with said thyristor and effective to derive electrical power for said microcontroller from a small portion of every half cycle or full cycle of said AC current which appears across said thyristor in each said ON state thereof.

71.     Moreover, on information and belief, LOWES has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by aiding or abetting customers and/or users to use the infringing apparatuses. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '038 Patent, at least through becoming aware of this Complaint.

72.     Upon present information and belief, LOWES' infringing apparatuses comprise at least the Lutron MAW-600H dimmer.

73.     LOWES is thus liable for infringement of the '038 Patent pursuant to 35 U.S.C. § 271.

74.     On information and belief, LUTRON has been and now is directly infringing the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, importing, selling and/or offering to sell apparatuses for selectively energizing an AC electrical load from one side of an AC power circuit comprising (1) a thyristor having ON and OFF states, said thyristor being coupled between first and second AC current leads for controlling a flow of AC line current from said thyristor to said AC electrical load, (2) a microcontroller which is programmed to selectively provide or not provide enabling gate current pulses to said thyristor, and (3) a constant DC voltage power supply coupled with said thyristor and effective to derive electrical power for said microcontroller from a small portion of every half cycle or full cycle of said AC current which appears across said thyristor in each said ON state thereof.

75.     Moreover, on information and belief, LUTRON has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by aiding or abetting re-sellers to sell and/or offer for sale infringing apparatuses and/or customers and/or users to use infringing apparatuses.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '038 Patent, at least through becoming aware of this Complaint.

76.     Upon present information and belief, LUTRON'S infringing apparatuses comprise at least the Lutron MAW-600H dimmer.

77.     LUTRON is thus liable for infringement of the '038 Patent pursuant to 35 U.S.C. § 271.

78.     On information and belief, X10 has been and now is directly infringing the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, importing, selling and/or offering to sell apparatuses for selectively energizing an AC electrical load from one side of an AC power circuit comprising (1) a thyristor having ON and OFF states, said thyristor being coupled between first and second AC current leads for controlling a flow of AC line current from said thyristor to said AC electrical load, (2) a microcontroller which is programmed to selectively provide or not provide enabling gate current pulses to said thyristor, and (3) a constant DC voltage power supply coupled with said thyristor and effective to derive electrical power for said microcontroller from a small portion of every half cycle or full cycle of said AC current which appears across said thyristor in each said ON state thereof.

79.     Moreover, on information and belief, X10 has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by aiding or abetting re-sellers to sell and/or offer for sale infringing apparatuses and/or customers and/or users to use infringing apparatuses.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '038 Patent, at least through becoming aware of this Complaint.

80.     Upon present information and belief, X10's infringing apparatuses comprise at least the X10 PRO PLW01 switch.

81.     X10 is thus liable for infringement of the '038 Patent pursuant to 35 U.S.C. § 271.

82.     As a result of Defendants' infringing conduct, Defendants have damaged Greenlight. Defendants are liable to Greenlight in an amount that adequately compensates Greenlight for their infringement, which, by law, can be no less than a reasonable royalty.

83.     At least LEVITON was put on notice of its infringement of the '038 patent prior to suit being filed, and at least LEVITON's infringement has been willful and objectively reckless.  Greenlight reserves the right to take discovery from the other Defendants relative to their awareness/notice of the '038 Patent prior to the filing of suit.  In any event, to the extent Defendants continue to infringe the '038 Patent during the pendency of this suit, such infringement would necessarily be willful and objectively reckless.  Accordingly, Greenlight seeks and/or reserves the right to seek a willfulness finding against Defendants relative to their infringement of the '038 Patent, in accordance with the above.

84.     On information and belief, all Defendants have at least had constructive notice of the '038 Patent by operation of law.

## PRAYER FOR RELIEF

WHEREFORE, Greenlight respectfully requests that this Court enter:

1.      A judgment in favor of Greenlight that Defendants have infringed, directly, jointly, and/or indirectly, by way of intentionally inducing and/or contributing to the infringement of the '038 Patent;

2.      A judgment that the Defendants' infringement is and/or has been willful and objectively reckless;

3.      A permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in

active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '038 Patent;

4.      A judgment and order requiring Defendants to pay Greenlight its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '038 Patent as provided under 35 U.S.C. § 284;

5.      An award to Greenlight for enhanced damages as provided under 35 U.S.C. § 284;

6.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Greenlight its reasonable attorneys' fees; and

7.      Any and all other relief to which Greenlight may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

September 7, 2010                                  Respectfully submitted,

                                                  GREENLIGHT TECHNOLOGIES LLC

                                                  By: /s/ *John J. Edmonds*
                                                  John J. Edmonds – LEAD COUNSEL
                                                  Texas Bar No. 789758
                                                  Michael J. Collins
                                                  Texas Bar No. 4614510
                                                  Erick Robinson
                                                  Texas Bar No. 24039142
                                                  COLLINS, EDMONDS & POGORZELSKI, PLLC
                                                  1616 S. Voss Rd., Ste. 125
                                                  Houston, Texas 77057
                                                  Telephone: (281) 501-3425
                                                  Facsimile: (832) 415-2535
                                                  jedmonds@cepiplaw.com
                                                  erobinson@cepiplaw.com
                                                  mcollins@cepiplaw.com

                                                  Melissa R. Smith

Texas Bar No. 24001351
GILLAM & SMITH
303 S. Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Fax: (903) 934-9257
Melissa@gillamsmithlaw.com

ATTORNEYS FOR PLAINTIFF
GREENLIGHT TECHNOLOGIES LLC