**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| GREENLIGHT TECHNOLOGIES LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>ANIGMO, LLC D/B/A ANIGMO. et al.,<br><br>                    Defendants. | Civil Action No. 6:10-cv-458-LED<br><br>**JURY TRIAL DEMANDED** |

**JASCO PRODUCTS COMPANY LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Jasco Products Company LLC d/b/a Jasco Products Company d/b/a Jasco ("Jasco"), by and through its undersigned counsel, hereby answers the Complaint for Patent Infringement ("Complaint") of Greenlight Technologies LLC ("Greenlight")  as follows:

**PARTIES**

1.      Greenlight Technologies LLC ("Greenlight" or "Plaintiff) is a Texas Limited Liability Company with its principal place of business in Frisco, Texas.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1, and therefore denies those allegations.

2.      On information and belief, Defendant ANIGMO, LLC D/B/A ANIGMO has a place of business in New York, New York.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2, and therefore denies those allegations.

3.      On information and belief, Defendant AMAZON.COM, INC. ("AMAZON") has a place of business in Seattle, Washington.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 3, and therefore denies those allegations.

4.      On information and belief, Defendant COOPER INDUSTRIES, INC. ("COOPER INDUSTRIES") has a place of business in Houston, Texas.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 4, and therefore denies those allegations.

5.      On information and belief, Defendant COOPER WIRING DEVICES, INC. F/K/A EAGLE ELECTRIC MANUFACTURING CO., INC. ("COOPER WDI") has a place of business in Houston, Texas. COOPER INDUSTRIES and COOPER WDI are collectively referred to hereinafter as "COOPER."

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 5, and therefore denies those allegations.

6.      On information and belief, Defendant GE ENERGY AND INDUSTRIAL SERVICES, INC. F/K/A GE INSPECTION SERVICES, INC. ("GE ENERGY") has a place of business in Atlanta, Georgia.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 6, and therefore denies those allegations.

7.      On information and belief, Defendant GENERAL ELECTRIC COMPANY ("GENERAL ELECTRIC") has a place of business in Fairfield, Connecticut.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 7, and therefore denies those allegations.

8.      On information and belief, Defendant HEATHCO LLC D/B/A HEATHCO D/B/A HEATH/ZENITH ("HEATHCO LLC") has a place of business in Elmhurst, Illinois.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 8, and therefore denies those allegations.

9.      On information and belief, Defendant HUBBELL INCORPORATED F/K/A HARVEY HUBBELL INCORPORATED ("HUBBELL") has a place of business in Shelton, Connecticut.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9, and therefore denies those allegations.

10. On information and belief, Defendant JASCO PRODUCTS COMPANY LLC D/B/A JASCO PRODUCTS COMPANY D/B/A JASCO ("JASCO") has a place of business in Oklahoma City, Oklahoma. GE ENERGY, GENERAL ELECTRIC and JASCO are collectively referred to hereinafter as "GE."

**ANSWER**: Denied, except that Jasco admits that it has a place of business in Oklahoma City, Oklahoma.

11. On information and belief, Defendant LEGRAND NORTH AMERICA, INC. D/B/A LEGRAND D/B/A PASS & SEYMOUR/ LEGRAND D/B/A PASS & SEYMOUR D/B/A WATT STOPPER/LEGRAND D/B/A WATTSTOPPER ("LNA") has a place of business in West Hartford, Connecticut.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11, and therefore denies those allegations.

12. On information and belief, Defendant LEGRAND SA F/K/A LEGRAND HOLDING SA ("LEGRAND SA") has a place of business in Limoges, France.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12, and therefore denies those allegations.

13. On information and belief, Defendant LEVITON MANUFACTURING CO., INC. ("LEVITON") has a place of business in Melville, New York.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13, and therefore denies those allegations.

14. On information and belief, Defendant LIGHTING UNLIMITED, LLC D/B/A DIMMERS.NET ("DIMMERS.NET") has a place of business in Houston, Texas.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14, and therefore denies those allegations.

15. On information and belief, Defendant LOWES COMPANIES, INC. ("LCI") has a place of business Mooresville, North Carolina.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15, and therefore denies those allegations.

16.    On information and belief, Defendant LOWES HOME CENTERS, INC. ("LHCI") has a place of business Mooresville, North Carolina. LCI and LHCI are hereinafter referred to as "LOWES."

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16, and therefore denies those allegations.

17.    On information and belief, Defendant LUTRON ELECTRONICS CO., INC. ("LUTRON") has a place of business in Coopersburg, Pennsylvania.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17, and therefore denies those allegations.

18.    On information and belief, Defendant PASS & SEYMOUR, INC. D/B/A PASS & SEYMOUR/LEGRAND D/B/A PASS & SEYMOUR ("PSI") has a place of business in Syracuse, New York.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18, and therefore denies those allegations.

19.    On information and belief, Defendant THE DUCHOSSOIS GROUP, INC. F/K/A DUCHOSSOIS INDUSTRIES, INC. F/K/A DII NEWCO, INC. ("DUCHOSSOIS") has a place of business in Elmhurst, Illinois. HEATHCO LLC and DUCHOSSOIS are collectively referred to hereinafter as "HEATHCO."

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19, and therefore denies those allegations.

20.    On information and belief, Defendant THE HOME DEPOT, INC. has a place of business in Atlanta, Georgia.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20, and therefore denies those allegations.

21.    On information and belief, Defendant THE HOME DEPOT USA, INC. has a place of business in Atlanta, Georgia. THE HOME DEPOT, INC. and THE HOME DEPOT USA, INC. are hereinafter referred to as ("HOME DEPOT").

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 21, and therefore denies those allegations.

22.    On information and belief, Defendant WATT STOPPER HOLDING, INC. F/K/A
PASS & SEYMOUR ACQUISITION CORP. F/K/A THE WATT STOPPER
INCORPORATED ("WATT STOPPER) has a place of business in Syracuse, New York. LNA,
LEGRAND SA, PSI and WATTSTOPPER are collectively referred to hereinafter as
"LEGRAND."

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 22, and therefore denies those allegations.

23.    On information and belief, Defendant WELIT, LLC has a place of business in
New York, New York. ANIGMO, LLC D/B/A ANIGMO and WELIT, LLC D/B/A ANIGMO
are collectively referred to hereinafter as "ANIGMO."

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 23, and therefore denies those allegations.

24.    On information and belief, Defendant XI0 WIRELESS TECHNOLOGY, INC.
D/B/A X10 D/B/A X10.COM ("XI0") has a place of business in Seattle, Washington.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 24, and therefore denies those allegations.

## JURISDICTION AND VENUE

25.    This action arises under the patent laws of the United States, Title 35 of the
United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and
1338(a). On information and belief, Defendants are subject to this Court's specific and general
personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to
their substantial business in this forum, including at least a portion of the infringements alleged
herein. Without limitation, within this forum the Defendants have engaged in at least the selling
of the accused products listed herein. In addition, on information and belief, Defendants induce
and/or contribute to infringement of the patent-in-suit by sellers and/or infringing users located
in this forum. Further, on information and belief, Defendants have interactive websites which are
used in and/or accessible in this forum. Further, on information and belief, Defendants are
subject to the Court's general jurisdiction, including from regularly doing or soliciting business,
engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods
and services provided to persons or entities in Texas.

**ANSWER**: Jasco denies the allegations in paragraph 25, except that Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other defendants.  Jasco admits that the present action purports to arise under the patent laws of the United States, and that subject matter in a patent case may be based on 28 U.S.C. §§ 1331 and 1338(a).  Jasco also admits that it has a website which may be accessible in the Eastern District of Texas.

26.     Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, from and within this Judicial District each Defendant has committed at least a portion of the infringements at issue in this case. Without limitation, Defendants are subject to personal jurisdiction in this forum. Further, within this forum the Defendants have engaged in at least the selling of the accused products listed herein. In addition, on information and belief, Defendants induce and/or contribute to infringement of the patent-in-suit by sellers and/or infringing users located in this district.   Further, on information and belief, Defendants have interactive websites which are used in and/or accessible in this forum. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in this district.

**ANSWER**: Jasco denies the allegations in paragraph 28, except that Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 as they relate to other defendants.  Jasco admits for the purposes of this case only that venue is proper in this judicial district.  Jasco further admits that it has a website which may be accessible in the Eastern District of Texas and that it has transacted business throughout the United States, including the Eastern District of Texas.

<u>COUNT I</u>
<u>INFRINGEMENT OF U.S. PATENT NO. 6,356.038</u>

27.     United States Patent No. 6,356,038 ("the '038 Patent"), entitled "Microcomputer-controlled AC power switch controller and DC power supply method and apparatus" was filed on January 20, 2000 and duly and legally issued on March 12, 2002.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and therefore denies those allegations, except that

Jasco admits that U.S. Patent No. 6,356,038 (the "'038 Patent"), states on its front cover that it was filed on January 20, 2000.  Jasco also admits that the '038 Patent is entitled "Microcomputer-controlled AC power switch controller and DC power supply method and apparatus."

28.     Greenlight is the present assignee of the '038 patent, including all rights to sue for past and present infringement. Accordingly, Greenlight has standing to bring this lawsuit for infringement of the '038 patent.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and therefore denies those allegations.

29.     The claims of the '038 Patent cover, inter alia, (1) a method for switching AC power flow through and deriving a supply of DC power from one side of an AC power circuit, (2) an electrical current control apparatus for operatively interconnecting one side of a source of AC current with an AC load, (3) an apparatus for selectively energizing an AC electrical load from one side of an AC power circuit, (4) an apparatus for energizing an AC electrical load from one side of an AC power circuit, and (5) an apparatus for selectively energizing a high-voltage AC electrical load.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and therefore denies those allegations.

30.     On information and belief, ANIGMO has been and now is directly infringing the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, importing, selling and/or offering to sell apparatuses for selectively energizing an AC electrical load from one side of an AC power circuit comprising (1) a thyristor having ON and OFF states, said thyristor being coupled between first and second AC current leads for controlling a flow of AC line current from said thyristor to said AC electrical load, (2) a microcontroller which is programmed to selectively provide or not provide enabling gate current pulses to said thyristor, and (3) a constant DC voltage power supply coupled with said thyristor and effective to derive electrical power for said microcontroller from a small portion of every half cycle or full cycle of said AC current which appears across said thyristor in each said ON state thereof.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore denies those allegations.

31.     Moreover, on information and belief, ANIGMO has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by aiding or abetting re-sellers to sell and/or offer for sale infringing apparatuses and/or customers and/or users to use infringing apparatuses. Upon information and

7

belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '038 Patent, at least through becoming aware of this Complaint.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 31, and therefore denies those allegations.

32.     Upon present information and belief, ANIGMO's infringing apparatuses comprise at least the Anigmo ST2-600M switch.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 32, and therefore denies those allegations.

33.     ANIGMO is thus liable for infringement of the '038 Patent pursuant to 35 U.S.C. §271.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 33, and therefore denies those allegations.

34.     On information and belief, AMAZON has been and now is directly infringing the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for selectively energizing an AC electrical load from one side of an AC power circuit comprising (1) a thyristor having ON and OFF states, said thyristor being coupled between first and second AC current leads for controlling a flow of AC line current from said thyristor to said AC electrical load, (2) a microcontroller which is programmed to selectively provide or not provide enabling gate current pulses to said thyristor, and (3) a constant DC voltage power supply coupled with said thyristor and effective to derive electrical power for said microcontroller from a small portion of every half cycle or full cycle of said AC current which appears across said thyristor in each said ON state thereof.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 34, and therefore denies those allegations.

35.     Moreover, on information and belief, AMAZON has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by aiding or abetting customers and/or users to use the infringing apparatuses. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '038 Patent, at least through becoming aware of this Complaint.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and therefore denies those allegations.

36.    Upon present information and belief, AMAZON'S infringing apparatuses comprise at least the Anigmo ST2-600M switch, Heath Zenith SL-6107, Leviton VPI06 dimmer, Lutron MAW-600H dimmer, Watt Stopper/Legrand RS-100BA-W-CS and/or X10 PRO PLW01 switch.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, and therefore denies those allegations.

37.    AMAZON is thus liable for infringement of the '038 Patent pursuant to 3 5 U. S. C. §271.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, and therefore denies those allegations.

38.    On information and belief, COOPER has been and now is directly infringing the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, importing, selling and/or offering to sell apparatuses for selectively energizing an AC electrical load from one side of an AC power circuit comprising (1) a thyristor having ON and OFF states, said thyristor being coupled between first and second AC current leads for controlling a flow of AC line current from said thyristor to said AC electrical load, (2) a microcontroller which is programmed to selectively provide or not provide enabling gate current pulses to said thyristor, and (3) a constant DC voltage power supply coupled with said thyristor and effective to derive electrical power for said microcontroller from a small portion of every half cycle or full cycle of said AC current which appears across said thyristor in each said ON state thereof.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, and therefore denies those allegations.

39.    Moreover, on information and belief, COOPER has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by aiding or abetting re-sellers to sell and/or offer for sale infringing apparatuses and/or customers and/or users to use infringing apparatuses. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '038 Patent, at least through becoming aware of this Complaint.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, and therefore denies those allegations.

9

40.     Upon present information and belief, COOPER's infringing apparatuses comprise at least the 6107E-PT switch.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, and therefore denies those allegations.

41.     COOPER is thus liable for infringement of the '038 Patent pursuant to 35 U.S.C. §271.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, and therefore denies those allegations.

42.     On information and belief, DIMMERS.NET has been and now is directly infringing the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for selectively energizing an AC electrical load from one side of an AC power circuit comprising (1) a thyristor having ON and OFF states, said thyristor being coupled between first and second AC current leads for controlling a flow of AC line current from said thyristor to said AC electrical load, (2) a microcontroller which is programmed to selectively provide or not provide enabling gate current pulses to said thyristor, and (3) a constant DC voltage power supply coupled with said thyristor and effective to derive electrical power for said microcontroller from a small portion of every half cycle or full cycle of said AC current which appears across said thyristor in each said ON state thereof.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, and therefore denies those allegations.

43.     Moreover, on information and belief, DIMMERS.NET has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by aiding or abetting customers and/or users to use the infringing apparatuses. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '038 Patent, at least through becoming aware of this Complaint.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, and therefore denies those allegations.

44.     Upon present information and belief, DIMMERS.NET's infringing apparatuses comprise at least the Lutron MAW-600H dimmer.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, and therefore denies those allegations.

45.     DIMMERS.NET is thus liable for infringement of the '038 Patent pursuant to 35 U.S.C. §271.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, and therefore denies those allegations.

46.     On information and belief, GE has been and now is directly infringing the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, importing, selling and/or offering to sell apparatuses for selectively energizing an AC electrical load from one side of an AC power circuit comprising (1) a thyristor having ON and OFF states, said thyristor being coupled between first and second AC current leads for controlling a flow of AC line current from said thyristor to said AC electrical load, (2) a microcontroller which is programmed to selectively provide or not provide enabling gate current pulses to said thyristor, and (3) a constant DC voltage power supply coupled with said thyristor and effective to derive electrical power for said microcontroller from a small portion of every half cycle or full cycle of said AC current which appears across said thyristor in each said ON state thereof.

**ANSWER**: Denied.

47.     Moreover, on information and belief, GE has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by aiding or abetting re-sellers to sell and/or offer for sale infringing apparatuses and/or customers and/or users to use infringing apparatuses. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '038 Patent, at least through becoming aware of this Complaint.

**ANSWER**: Denied.

48.     Upon present information and belief, GE's infringing apparatuses comprise at least the GE 57885 Motion Sensing Single Pole Switch.

**ANSWER**: Denied.

49.     GE is thus liable for infringement of the '038 Patent pursuant to 35 U.S.C. § 271.

**ANSWER**: Denied.

50.     On information and belief, HEATHCO has been and now is directly infringing the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, importing, selling and/or offering to sell apparatuses for

selectively energizing an AC electrical load from one side of an AC power circuit comprising (1) a thyristor having ON and OFF states, said thyristor being coupled between first and second AC current leads for controlling a flow of AC line current from said thyristor to said AC electrical load, (2) a microcontroller which is programmed to selectively provide or not provide enabling gate current pulses to said thyristor, and (3) a constant DC voltage power supply coupled with said thyristor and effective to derive electrical power for said microcontroller from a small portion of every half cycle or full cycle of said AC current which appears across said thyristor in each said ON state thereof.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 50, and therefore denies those allegations.

51.     Moreover, on information and belief, HEATHCO has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by aiding or abetting re-sellers to sell and/or offer for sale infringing apparatuses and/or customers and/or users to use infringing apparatuses. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '038 Patent, at least through becoming aware of this Complaint.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 51, and therefore denies those allegations.

52.     Upon present information and belief, HEATHCO's infringing apparatuses comprise at least the Heath Zenith SL-6107.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 52, and therefore denies those allegations.

53.     HEATHCO is thus liable for infringement of the '038 Patent pursuant to 35 U.S.C. §271.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 53, and therefore denies those allegations.

54.     On information and belief, HOME DEPOT has been and now is directly infringing the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for selectively energizing an AC electrical load from one side of an AC power circuit comprising (1) a thyristor having ON and OFF states, said thyristor being coupled between first and second AC current leads for controlling a flow of AC line current from said thyristor to said AC electrical load, (2) a microcontroller which is programmed to selectively provide or not provide enabling gate current pulses to said thyristor, and (3) a constant DC voltage power supply coupled with said thyristor

and effective to derive electrical power for said microcontroller from a small portion of every half cycle or full cycle of said AC current which appears across said thyristor in each said ON state thereof.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54, and therefore denies those allegations.

55.     Moreover, on information and belief, HOME DEPOT has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by aiding or abetting customers and/or users to use the infringing apparatuses. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '038 Patent, at least through becoming aware of this Complaint.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55, and therefore denies those allegations.

56.     Upon present information and belief, HOME DEPOT'S infringing apparatuses comprise at least the Leviton VPI06 dimmer, Lutron MAW-600H dimmer and/or Pass & Seymour RW500UWCCV4 switch.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56, and therefore denies those allegations.

57.     HOME DEPOT is thus liable for infringement of the '038 Patent pursuant to 35 U.S.C. §271.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57, and therefore denies those allegations.

58.     On information and belief, HUBBELL has been and now is directly infringing the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, importing, selling and/or offering to sell apparatuses for selectively energizing an AC electrical load from one side of an AC power circuit comprising (1) a thyristor having ON and OFF states, said thyristor being coupled between first and second AC current leads for controlling a flow of AC line current from said thyristor to said AC electrical load, (2) a microcontroller which is programmed to selectively provide or not provide enabling gate current pulses to said thyristor, and (3) a constant DC voltage power supply coupled with said thyristor and effective to derive electrical power for said microcontroller from a small portion of every half cycle or full cycle of said AC current which appears across said thyristor in each said ON state thereof.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58, and therefore denies those allegations.

59. Moreover, on information and belief, HUBBELL has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by aiding or abetting re-sellers to sell and/or offer for sale infringing apparatuses and/or customers and/or users to use infringing apparatuses. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '038 Patent, at least through becoming aware of this Complaint.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, and therefore denies those allegations.

60. Upon present information and belief, HUBBELL's infringing apparatuses comprise at least the RMS101W sensor.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, and therefore denies those allegations.

61. HUBBELL is thus liable for infringement of the '038 Patent pursuant to 35 U.S.C. §271.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61, and therefore denies those allegations.

62. On information and belief, LEGRAND has been and now is directly infringing the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, importing, selling and/or offering to sell apparatuses for selectively energizing an AC electrical load from one side of an AC power circuit comprising (1) a thyristor having ON and OFF states, said thyristor being coupled between first and second AC current leads for controlling a flow of AC line current from said thyristor to said AC electrical load, (2) a microcontroller which is programmed to selectively provide or not provide enabling gate current pulses to said thyristor, and (3) a constant DC voltage power supply coupled with said thyristor and effective to derive electrical power for said microcontroller from a small portion of every half cycle or full cycle of said AC current which appears across said thyristor in each said ON state thereof.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62, and therefore denies those allegations.

63.     Moreover, on information and belief, LEGRAND has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by aiding or abetting re-sellers to sell and/or offer for sale infringing apparatuses and/or customers and/or users to use infringing apparatuses. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '038 Patent, at least through becoming aware of this Complaint.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63, and therefore denies those allegations.

64.     Upon present information and belief, LEGRAND's infringing apparatuses comprise at least the Pass & Seymour RW500UWCCV4 and/or RW500BICC4 and/or WattStopper/Legrand RS-100BA-W-CS.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64, and therefore denies those allegations.

65.     LEGRAND is thus liable for infringement of the '038 Patent pursuant to 35 U.S.C. §271.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65, and therefore denies those allegations.

66.     On information and belief, LEVITON has been and now is directly infringing the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, importing, selling and/or offering to sell apparatuses for selectively energizing an AC electrical load from one side of an AC power circuit comprising (1) a thyristor having ON and OFF states, said thyristor being coupled between first and second AC current leads for controlling a flow of AC line current from said thyristor to said AC electrical load, (2) a microcontroller which is programmed to selectively provide or not provide enabling gate current pulses to said thyristor, and (3) a constant DC voltage power supply coupled with said thyristor and effective to derive electrical power for said microcontroller from a small portion of every half cycle or full cycle of said AC current which appears across said thyristor in each said ON state thereof.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66, and therefore denies those allegations.

67.     Moreover, on information and belief, LEVITON has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by aiding or abetting re-sellers to sell and/or offer for sale infringing

15

apparatuses and/or customers and/or users to use infringing apparatuses. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '038 Patent, at least through becoming aware of this Complaint.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67, and therefore denies those allegations.

68.     Upon present information and belief, LEVITON infringing apparatuses comprise at least the Leviton VPI06 dimmer.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68, and therefore denies those allegations.

69.     LEVITON is thus liable for infringement of the '038 Patent pursuant to 35 U.S.C. §271.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69, and therefore denies those allegations.

70.     On information and belief, LOWES has been and now is directly infringing the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for selectively energizing an AC electrical load from one side of an AC power circuit comprising (1) a thyristor having ON and OFF states, said thyristor being coupled between first and second AC current leads for controlling a flow of AC line current from said thyristor to said AC electrical load, (2) a microcontroller which is programmed to selectively provide or not provide enabling gate current pulses to said thyristor, and (3) a constant DC voltage power supply coupled with said thyristor and effective to derive electrical power for said microcontroller from a small portion of every half cycle or full cycle of said AC current which appears across said thyristor in each said ON state thereof.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70, and therefore denies those allegations.

71.     Moreover, on information and belief, LOWES has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by aiding or abetting customers and/or users to use the infringing apparatuses. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '038 Patent, at least through becoming aware of this Complaint.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71, and therefore denies those allegations.

72.    Upon present information and belief, LOWES' infringing apparatuses comprise at least the Lutron MAW-600H dimmer.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72, and therefore denies those allegations.

73.    LOWES is thus liable for infringement of the '038 Patent pursuant to 35 U.S.C. §271.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73, and therefore denies those allegations.

74.    On information and belief, LUTRON has been and now is directly infringing the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, importing, selling and/or offering to sell apparatuses for selectively energizing an AC electrical load from one side of an AC power circuit comprising (1) a thyristor having ON and OFF states, said thyristor being coupled between first and second AC current leads for controlling a flow of AC line current from said thyristor to said AC electrical load, (2) a microcontroller which is programmed to selectively provide or not provide enabling gate current pulses to said thyristor, and (3) a constant DC voltage power supply coupled with said thyristor and effective to derive electrical power for said microcontroller from a small portion of every half cycle or full cycle of said AC current which appears across said thyristor in each said ON state thereof.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74, and therefore denies those allegations.

75.    Moreover, on information and belief, LUTRON has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by aiding or abetting re-sellers to sell and/or offer for sale infringing apparatuses and/or customers and/or users to use infringing apparatuses. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '038 Patent, at least through becoming aware of this Complaint.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75, and therefore denies those allegations.

76.     Upon present information and belief, LUTRON'S infringing apparatuses comprise at least the Lutron MAW-600H dimmer.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76, and therefore denies those allegations.

77.     LUTRON is thus liable for infringement of the '038 Patent pursuant to 35 U.S.C. §271.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77, and therefore denies those allegations.

78.     On information and belief, X10 has been and now is directly infringing the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, importing, selling and/or offering to sell apparatuses for selectively energizing an AC electrical load from one side of an AC power circuit comprising (1) a thyristor having ON and OFF states, said thyristor being coupled between first and second AC current leads for controlling a flow of AC line current from said thyristor to said AC electrical load, (2) a microcontroller which is programmed to selectively provide or not provide enabling gate current pulses to said thyristor, and (3) a constant DC voltage power supply coupled with said thyristor and effective to derive electrical power for said microcontroller from a small portion of every half cycle or full cycle of said AC current which appears across said thyristor in each said ON state thereof.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78, and therefore denies those allegations.

79.     Moreover, on information and belief, XI0 has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '038 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by aiding or abetting re-sellers to sell and/or offer for sale infringing apparatuses and/or customers and/or users to use infringing apparatuses. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '038 Patent, at least through becoming aware of this Complaint.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79, and therefore denies those allegations.

80.     Upon present information and belief, X10's infringing apparatuses comprise at least the X10 PRO PLW01 switch.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80, and therefore denies those allegations.

81.     X10 is thus liable for infringement of the '038 Patent pursuant to 35 U.S.C. § 271.

**ANSWER**: Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81, and therefore denies those allegations.

82.     As a result of Defendants' infringing conduct, Defendants have damaged Greenlight. Defendants are liable to Greenlight in an amount that adequately compensates Greenlight for their infringement, which, by law, can be no less than a reasonable royalty.

**ANSWER**: Jasco denies the allegations in paragraph 82, except that Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 as they relate to other defendants, and therefore denies those allegations.

83.     At least LEVITON was put on notice of its infringement of the '038 patent prior to suit being filed, and at least LEVITON's infringement has been willful and objectively reckless. Greenlight reserves the right to take discovery from the other Defendants relative to their awareness/notice of the '038 Patent prior to the filing of suit. In any event, to the extent Defendants continue to infringe the '038 Patent during the pendency of this suit, such infringement would necessarily be willful and objectively reckless. Accordingly, Greenlight seeks and/or reserves the right to seek a willfulness finding against Defendants relative to their infringement of the '038 Patent, in accordance with the above.

**ANSWER**: Jasco denies the allegations in paragraph 83, except that Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 as they relate to other defendants, and therefore denies those allegations.

84.     On information and belief, all Defendants have at least had constructive notice of the '038 Patent by operation of law.

**ANSWER**: Jasco denies the allegations in paragraph 84, except that Jasco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 as they relate to other defendants, and therefore denies those allegations.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**
### **(Failure to state a claim)**

The Complaint fails to state a claim upon which relief may be granted.

### **Second Affirmative Defense**
### **(Invalidity)**

Upon information and belief, the '038 Patent and each and every claim contained therein is invalid for failure to satisfy at least one of the requirements for patentability under 35 U.S.C. §§ 101, 102, 103, 112 and/or for being otherwise in violation of one or more of the sections of Parts I, II, and III of Title 35 of the United States Code.

### **Third Affirmative Defense**
### **(Non-Infringement)**

Jasco has not and does not infringe, induce infringement, or contribute to the infringement of any claim of the '038 Patent, either literally or under the doctrine of equivalents.

### **Fourth Affirmative Defense**
### **(Patent Marking)**

Upon information and belief, Greenlight is not entitled to any damages for alleged infringement because of its failure to comply with 35 U.S.C. § 287 and/or its failure to otherwise give proper notice that Jasco's actions allegedly infringed the '038 Patent.

### **Fifth Affirmative Defense**
### **(Laches)**

Upon information and belief, Greenlight's claims are barred by the equitable doctrine of laches, unclean hands, estoppel, and/or waiver.

**Sixth Affirmative Defense**
**(Unavailability of Injunctive Relief)**

Greenlight is not entitled to injunctive relief, because any injury to it is not immediate and irreparable, Greenlight would have an adequate remedy at law, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

**Seventh Affirmative Defense**
**(Other Affirmative Defenses Based on Later Discovered Evidence)**

Jasco reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

For its counterclaims against Greenlight, Jasco alleges as follows:

## PARTIES

1.      Jasco Products Company LLC is a limited liability company with its principal place of business in Oklahoma City, Oklahoma.

2.      According to paragraph 1 of the Complaint, "Greenlight Technologies LLC ("Greenlight" or "Plaintiff") is a Texas Limited Liability Company with its principal place of business in Frisco, Texas."

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4.      Venue for these counterclaims is proper within this district under at least 28 U.S.C. § 1391.

5.      This Court has personal jurisdiction over Greenlight because Greenlight has submitted itself to the personal jurisdiction of this Court by commencing this action.

## COUNT ONE
## DECLARATION OF NON-INFRINGEMENT OF THE '038 PATENT

6.      Jasco incorporates and realleges the allegations of paragraphs 1-5 of these counterclaims.

7.      Jasco brings this action for declaratory judgment of non-infringement of the '038 Patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

8.      Greenlight has alleged that Jasco has infringed the '038 Patent, and Jasco has denied this allegation.

9.      Jasco has not infringed, directly, contributorily, by inducement, or otherwise, literally or under the doctrine of equivalents, any valid and enforceable claim of the '038 Patent, and is not liable for any acts of infringement of any such claim of the '038 Patent.

10.     As evidenced by Greenlight's Complaint and Jasco's Answer thereto, there is an actual, substantial and continuing justiciable case or controversy between the parties regarding infringement of the '038 Patent.

11.     Jasco is entitled to a declaratory judgment pursuant to 289 U.S.C. §§ 2201 and 2202 that Jasco does not infringe and has not infringed any valid claim of the '038 Patent.

## COUNT TWO
## DECLARATION OF INVALIDITY OF THE '038 PATENT

12.     Jasco incorporates and realleges the allegations of paragraphs 1-11 of these counterclaims.

13.     Jasco brings this action for declaratory judgment of invalidity of the '038 Patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

14.     Greenlight has alleged that Jasco has infringed the '038 Patent, and Jasco has denied this allegation.

15.     As evidenced by Greenlight's Complaint and Jasco's Answer thereto, there is an actual, substantial and continuing justiciable case or controversy between the parties regarding whether the claims of the '038 Patent are invalid.

16.     One or more of the claims of the '038 Patent are invalid for failure to comply with one or more of the statutory provisions of 35 U.S.C. §§ 101, *et seq.*, including without limitation §§ 102, 103, and/or 112.

## COUNT THREE
## ATORNEYS FEES AND COSTS

17.     Jasco incorporates and realleges the allegations of paragraphs 1-16 of these counterclaims.

18.     This case is an exceptional case pursuant to 35 U.S.C. § 285, and therefore Jasco is entitled to an aware of attorneys fees and costs.

## PRAYER FOR JUDGMENT

WHEREFORE, Jasco prays for the following relief:

A.     Dismissal of Greenlight's Complaint with prejudice and entry of judgment in favor of Jasco;

B.     Judgment declaring that the asserted claims of the '038 Patent have not been infringed directly, jointly, or indirectly by Jasco;

C.     Judgment declaring that one or more claims of the '038 Patent are invalid under one or more statutory provisions of Title 35 of the United States Code;

      D.     A judgment that this is an exceptional case pursuant to 35 U.S.C. § 285, and an award to Jasco of its costs and reasonable attorneys' fees, together with interest, including prejudgment interest thereon; and

      E.     Such other and further relief as may be deemed just and appropriate.

## JURY DEMAND

Jasco requests a jury trial on all issues so triable.

DATED:  November 24, 2010

Respectfully submitted,
JASCO

/s/*Michael C. Smith*
Michael C. Smith
Siebman, Burg, Phillips & Smith, LLP
113 East Austin Street
Marshall, Texas 75670
(903) 938-8900 (office)
(972) 767-4620 (fax)
michaelsmith@siebman.com

OF COUNSEL:

R. David Donoghue
HOLLAND & KNIGHT LLP
131 South Dearborn Street, 30th floor
Chicago, IL 60603
Tel: (312) 263-3600
Fax: (312)578-6666
david.donoghue@hklaw.com

Peter Sanborn
HOLLAND & KNIGHT LLP
10 St. James Ave.
Boston, MA 02116
Tel: (617) 523-2700
Fax: (617) 523-6850
peter.sanborn@hklaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 24th day of November, 2010.  Any other counsel of record will be served by facsimile transmission or first-class mail on this same date.

/s/ *Michael C. Smith*_____
    Michael C. Smith

#9925591_v1